■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE FORSTER, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County, imposed May 26, 1976. Sentence affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Martuscello, J. P., Latham, Titone and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYBURN J., Appellant.—Appeal by defendant from an amended judgment of the Supreme Court, Kings County, rendered January 20, 1977, upon his plea of guilty to having violated the terms of a previously imposed sentence of probation. Amended judgment affirmed. We have fully examined the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *People v Young,* 65 AD2d 560). Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA JOHNSON, Appellant.—Appeal by defendant, as limited by her motion, from a sentence of the Supreme Court, Suffolk County, imposed November 1, 1977. Sentence affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Hopkins, Damiani and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 23, 1977, convicting him of murder in the second degree (felony murder) and manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Under the unusual circumstances of this case, we hold that the failure of defense counsel to interview and place on the stand the two exculpatory eyewitnesses to the crime served to deprive the defendant of the effective assistance of counsel (see *People v Aiken,* 45 NY2d 394, 397-399). Accordingly, a new trial is required. Mollen, P. J., Latham, Damiani and Titone, JJ., concur.