■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE CURTIS LIGGINS, Appellant.—Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 15, 1987, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated November 1, 1990, which denied his motion to vacate the judgment pursuant to CPL 440.10.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the defendant's motion to vacate the judgment, and the appeals are held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

The defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel. The defendant, who arrived at the precinct house at approximately 1:30 A.M. on March 13, 1986, alleged, in his affidavit in support of the motion, that counsel should have moved to suppress inculpatory videotaped and written statements he gave at 11:00 P.M. that evening and 2:00 A.M. on March 14, 1986, respectively, since they were made after the defendant was told that he could not leave the precinct until he named a suspect. The defendant further asserted that counsel's decision to utilize the statements in support of an affirmative defense of duress was not based upon any viable strategic considerations. The prosecution argued that duress was an appropriate and viable defense under the facts of this case and that the defendant was procedurally barred from raising his claim in the CPL 440.10 motion. The Supreme Court refused to conduct a hearing and denied the motion, reasoning that an appeal from the judgment was pending and that the effectiveness of counsel's assistance was "demonstrable on the [trial] record".

A hearing should have been conducted in connection with the defendant's motion to vacate the judgment, since he set forth facts in his affidavit which do not appear in the record on direct appeal from the judgment of conviction *(see, People v Gonzalez,* 160 AD2d 724, 725). These facts, if established, could

entitle the defendant to the relief sought *(see, People v Ferreras,* 70 NY2d 630). Accordingly, the matter is remitted to the Supreme Court, Queens County, for an evidentiary hearing, and the appeals are held in abeyance in the interim. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.