■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CASTANEDA, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered November 14, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court dated October 21, 1991, which denied, without a hearing, his motion to vacate the judgment of conviction pursuant to CPL 440.10.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion to vacate the judgment, and the appeals are held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

The defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he received ineffective assistance of counsel, claiming, *inter alia,* that counsel failed to adequately investigate the facts of the case. In his affidavit in support of his motion, the defendant alleged that he had given counsel the name and address of a crucial

witness, but that counsel had failed to contact her. The defendant also submitted an affidavit from the alleged witness corroborating the defendant's allegations. The prosecution argued that in light of counsel's request at the trial for an adjournment to locate two potentially exculpatory witnesses of which she had just been informed by the defendant's wife, the defendant's allegation that he informed counsel of the existence of the witness in question prior to the trial was "belied by the record". Further, the People submitted an affirmation by the defendant's trial counsel in which she stated that she could not recall being informed of the existence of the witness in question. The Supreme Court agreed and denied the motion without a hearing. It stated that the defendant's allegations were "clearly 'contradicted by the record,' leaving no possibility that the allegations are true. (see, CPL 440.30 (4) (d) (ii)".

Since the defendant set forth facts in his affidavit which do not appear in the record on direct appeal from the judgment of conviction, the affirmation of the defendant's trial counsel submitted by the People in opposition to the defendant's motion was equivocal in its denial of the defendant's allegations, and the defendant's allegations, if established, could entitle the defendant to the relief sought (see, People v Ferreras, 70 NY2d 630), a hearing should have been conducted in connection with his motion to vacate the judgment (see, People v Liggins, 181 AD2d 916; People v Gonzalez, 160 AD2d 724, 725). Therefore, the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing, and the appeals are held in abeyance in the interim.

We also note that in his motion to vacate the judgment, the defendant improperly made, and the Supreme Court improperly considered, allegations of ineffective assistance of counsel based on the record. Such allegations should be considered on the direct appeal (see, People v Cooks, 113 AD2d 975, 976, affd 67 NY2d 100). Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.