THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY NAU, Appellant. [800 NYS2d 584]—

Appeal by the defendant, by permission, from an order of the County Court, Nassau County (LaPera, J.), entered April 13, 2004, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Kowtna, J.), rendered May 18, 1999, convicting him of falsely reporting an incident in the first degree (two counts) and falsely reporting an incident in the third degree, upon a jury verdict, and arson in the third degree, upon a separate jury verdict, and imposing sentence.

Ordered that the order is reversed, on the law, and the matter is remitted to the County Court, Nassau County, for a hearing and a new determination on the motion.

The defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was denied the effective assistance of trial counsel. In support of the motion to vacate the judgment, the defendant submitted evidence which did not appear in the record on the direct appeal from the judgment of conviction. In fact, the County Court itself acknowledged that many of the issues on the motion could not have been raised on direct appeal from the judgment. In particular, the presentence report indicated that the defendant suffers from an impulse disorder and is incapable of controlling his behavior. Based upon this evidence, the defendant contends that his trial counsel should have called an expert psychiatric witness, pursuant to CPL 60.55, to explain that the defendant's "organic mental disorder," inter alia, prevented him from formulating the requisite intent to commit the crimes charged,

and supplied the basis for asserting the affirmative defense of not guilty by reason of mental disease or defect (*see* Penal Law § 40.15).

As the defendant set forth facts which did not appear in the record on direct appeal which, if established, could entitle the defendant to the relief sought, and since the failure to investigate or call exculpatory witnesses may amount to ineffective assistance of counsel (*see People v Bussey*, 6 AD3d 621, 623 [2004], *lv denied* 4 NY3d 828 [2005]; *People v Fogle*, 307 AD2d 299, 301 [2003]; *People v Jones*, 65 AD2d 802 [1978]), the County Court erred in denying the motion without first conducting an evidentiary hearing (*see* CPL 440.10; *People v Castaneda*, 189 AD2d 890, 891 [1993]; *People v Liggins*, 181 AD2d 916 [1992]; *People v Hughes*, 181 AD2d 912, 913 [1992]; *see also People v Ferreras*, 70 NY2d 630, 631 [1987]). Accordingly, we remit the matter to the County Court, Nassau County, for that purpose and for a new determination on the motion. Santucci, J.P., Luciano, Crane and Skelos, JJ., concur.