# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**401**

**KA 07-02188**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DALE BRADLEY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (GRAZINA MYERS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (ELIZABETH CLIFFORD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered September 14, 2007. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to the contention of defendant, County Court properly weighed the probative value of the evidence of her prior bad acts against any prejudice to her (*see generally People v Ventimiglia*, 52 NY2d 350; *People v Molineux*, 168 NY 264). Although "the court should have expressly recited its discretionary balancing [of those factors] . . ., viewed in the context of the combined [*Molineux/Ventimiglia* and *Sandoval*] hearings and defense counsel's opposition [to the evidence] based on its prejudicial effect, the court's proper exercise of its discretion is implicit" (*People v Milot*, 305 AD2d 729, 731, *lv denied* 100 NY2d 585; *see People v Meseck*, 52 AD3d 948, 950; *cf. People v Westerling*, 48 AD3d 965, 968). Furthermore, " 'any prejudice to defendant was minimized by [the court's] limiting instructions' " (*People v Carson*, 4 AD3d 805, 806, *lv denied* 2 NY3d 797). Defendant failed to address in her brief on appeal any other issues with respect to the *Molineux/Ventimiglia* evidence, and thus she is deemed to have abandoned any contentions with respect thereto (*see generally People v Butler*, 2 AD3d 1457, 1458, *lv denied* 3 NY3d 637; *People v Jansen*, 145 AD2d 870, 871, *lv denied* 73 NY2d 923).

We agree with defendant, however, that the court erred in refusing to instruct the jury with respect to posttraumatic stress disorder insofar as it was relevant to the defense of justification.

Prior to trial, defendant served a notice pursuant to CPL 250.10 indicating that she intended to introduce evidence that she suffered from battered woman syndrome. At trial, defendant's psychiatric expert testified regarding that syndrome and posttraumatic stress disorder, as did the People's expert in rebuttal. After the close of proof, the prosecutor requested that the court not instruct the jury on posttraumatic stress disorder insofar as it was relevant to the defense of justification, based solely on the lack of specificity in the CPL 250.10 notice. As the Court of Appeals recently noted, that "statutory notice provision is grounded on principles of fairness and is intended 'to prevent disadvantage to the prosecution as a result of surprise' . . . [I]t 'was designed to allow the prosecution an opportunity to acquire relevant information from any source—not merely from an independent examination of the defendant—to counter the defense' " (*People v Diaz*, 15 NY3d 40, 46). Thus, inasmuch as the People had sufficient notice to prepare a response to the defense of justification, the court erred in refusing to give the instruction on that ground. Contrary to defendant's further contention, however, reversal is not required. Defense counsel was permitted to introduce relevant evidence and argue to the jury regarding both battered woman syndrome and posttraumatic stress disorder and, "[b]ecause there was overwhelming evidence disproving the justification defense and no reasonable possibility that the verdict would have been different had the charge been correctly given, the error in the . . . court's justification charge [is] harmless" (*People v Petty*, 7 NY3d 277, 286; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Finally, the sentence is not unduly harsh or severe.

Entered: April 1, 2011                              Patricia L. Morgan
                                                    Clerk of the Court