# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

861

KA 10-00213

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

JEFFREY R. DOMBROWSKI, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Michael F. Pietruszka, J.), entered December 3, 2009. The order denied the CPL article 440 motion of defendant.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from an order summarily denying his motion pursuant to CPL 440.10 and 440.20 seeking to vacate the judgment convicting him upon a nonjury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]) and to set aside the sentence. This Court previously affirmed the judgment of conviction (*People v Dombrowski*, 55 AD3d 1358, *lv denied* 11 NY3d 924). We note at the outset that defendant does not raise any contention concerning the denial of that part of his motion seeking to set aside the sentence, and we thus deem any issues with respect thereto abandoned (*see generally People v Bradley*, 83 AD3d 1444, 1445).

Defendant contends that he was denied effective assistance of counsel based on the failure of his trial counsel to call various witnesses who allegedly would have testified that they observed defendant leaving and entering the apartment in question on a regular basis. According to defendant, they also would have testified that they observed him accessing the apartment with keys and bringing groceries into the apartment. The complainant, who was the mother of defendant's child, testified that, at the time of the alleged burglary, her romantic relationship with defendant had ended. She admitted, however, that she had taken two vacations with defendant within the month preceding the alleged burglary and that defendant had occasionally spent the night at the apartment since the romantic relationship ended.

In order for a factfinder to convict a defendant of burglary in the second degree, the People are required to establish that the defendant knowingly entered or remained unlawfully in a dwelling with the intent to commit a crime therein (Penal Law § 140.25 [2]).  "A person 'enters or remains unlawfully' in or upon premises when he [or she] is not licensed or privileged to do so" (§ 140.00 [5]).  "In general, a person is 'licensed or privileged' to enter private premises when he [or she] has obtained the consent of the owner or another whose relationship to the premises gives him [or her] authority to issue such consent" (*People v Graves*, 76 NY2d 16, 20*; see People v Dale*, 224 AD2d 917).  Here, the testimony of the witnesses in question would have supported the defense theory that defendant did not enter the apartment unlawfully.  Contrary to the contention of the People, defendant was not required to establish that he actually resided at the apartment.  "[T]he intruder must be aware of the fact that he [or she] has no license or privilege to enter the premises . . . Thus, a person who mistakenly believed that he [or she] was licensed or privileged to enter a building[] would not be guilty of burglary, even though he [or she] entered with intent to commit a crime therein" (*People v Uloth*, 201 AD2d 926, 926 [internal quotation marks omitted]; *see People v Isogna*, 86 AD2d 979; *cf. People v Bull*, 136 AD2d 929, *lv denied* 71 NY2d 966).

It is well established that "the failure to investigate or call exculpatory witnesses may amount to ineffective assistance of counsel" (*People v Nau*, 21 AD3d 568, 569; *see People v Mosley*, 56 AD3d 1140; *People v Bussey*, 6 AD3d 621, 623, *lv denied* 4 NY3d 828), but it is also well established that "[t]rial tactics [that] terminate unsuccessfully do not automatically indicate ineffectiveness" (*People v Baldi*, 54 NY2d 137, 146).  Here, defendant submitted the affidavits of the witnesses in question setting forth the substance of their proposed testimony, as well as their willingness to testify (*cf. People v Ozuna*, 7 NY3d 913, 915).  Two of those witnesses were actually present in the courthouse during defendant's trial.  From this record, we can discern no tactical reason for trial counsel's failure to call those witnesses to testify (*see People v Castricone*, 224 AD2d 1019; *see also Bussey*, 6 AD3d at 623; *cf. People v Brooks*, 283 AD2d 367, *lv denied* 96 NY2d 916).  Thus, a hearing is required to afford defendant's trial counsel an opportunity to explain the reason that he chose not to call those witnesses " 'or to provide a tactical explanation for the omission' " (*Mosley*, 56 AD3d at 1141; *see e.g. Nau*, 21 AD3d at 569; *People v Coleman*, 10 AD3d 487).  We therefore hold the case, reserve decision and remit the matter to County Court for a hearing on that issue.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court