# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**46**

**KA 11-02407**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SHAWN B. WITKOP, DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Niagara County Court (Sara S. Sperrazza, J.), dated July 25, 2011. The order denied defendant's amended motion pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order summarily denying, inter alia, his amended pro se motion pursuant to CPL 440.10 (hereafter, motion) to vacate the judgment convicting him upon his guilty plea of burglary in the first degree (Penal Law § 140.30 [2]) and manslaughter in the second degree (§ 125.15 [1]). We reject defendant's contention that County Court abused its discretion in denying the motion without a hearing based on his allegations of ineffective assistance of counsel. Defendant asserted in his supporting affidavit that defense counsel's investigation of the charges against him was inadequate inasmuch as defense counsel failed to discover statements by three alleged witnesses who "all stated that [defendant] was on the premises to work," and who "saw defendant at work" on the victim's home. Even assuming, arguendo, that those alleged witnesses could establish that defendant did not enter the victim's home unlawfully, we conclude that such entry would not negate the trespass element of burglary inasmuch as the indictment charged only that defendant "remained unlawfully" in the home (*see* Penal Law § 140.30; *see generally People v Jackson*, 48 AD3d 891, 892, *lv denied* 10 NY3d 841). Defendant further asserted in his supporting affidavit that defense counsel "intimidated" him into pleading guilty during two off-the-record discussions at the plea proceeding. Defendant's unsupported, self-serving assertions, however, are contradicted by the transcript of the plea proceeding, at which defendant indicated that he agreed to plead guilty of his own free will and that no one had

coerced him to enter the plea (*see* CPL 440.30 [4] [d] [i]; *People v Sayles*, 17 AD3d 924, 924-925, *lv denied* 5 NY3d 794).  We note, moreover, that defense counsel's alleged off-the-record discussions with defendant occurred after defendant's above-described statements during the plea colloquy, and thus there is no reasonable possibility that any such intimidation affected defendant's decision to plead guilty (*see* CPL 440.30 [4] [d] [ii]).  The record likewise does not support defendant's assertion that defense counsel was unprepared at sentencing.  We conclude, therefore, that the court properly denied defendant's motion without a hearing because, "given the nature of the claimed ineffective assistance, the motion could be determined on the trial record and defendant's submissions on the motion" (*People v Satterfield*, 66 NY2d 796, 799; *see People v Jamison*, 71 AD3d 1435, 1437, *lv denied* 14 NY3d 888).

Defendant failed to address in his brief on appeal the remaining grounds advanced in support of his motion, and we thus deem any contentions with respect thereto abandoned (*see generally People v Dombrowski*, 87 AD3d 1267, 1267-1268).

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court