# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**317**

**KA 12-01568**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

CHARLES KURKOWSKI, DEFENDANT-APPELLANT.

---

MICHAEL J. DOWD, LEWISTON, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department from an order of the Erie County Court (Thomas P. Franczyk, J.), dated July 13, 2012. The order denied the motion of defendant to vacate the judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a nonjury trial of assault in the second degree (Penal Law § 120.05 [4]), and the judgment of conviction was affirmed on appeal (*People v Kurkowski*, 83 AD3d 1595, *lv denied* 16 NY3d 896). Defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment on the ground of ineffective assistance of counsel and, after a hearing, County Court denied the motion. We granted defendant leave to appeal from that order, and we now affirm.

"To prevail on his claim that he was denied effective assistance of counsel, defendant must demonstrate that his attorney failed to provide meaningful representation" (*People v Caban*, 5 NY3d 143, 152; *see People v Benevento*, 91 NY2d 708, 712-713; *People v Baldi*, 54 NY2d 137, 147). "In applying this standard, counsel's efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective" (*Benevento*, 91 NY2d at 712). To that end, "a reviewing court must avoid confusing 'true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis' " (*id.*, quoting *Baldi*, 54 NY2d at 146). Moreover, " 'it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*id.*, quoting *People v Rivera*, 71 NY2d 705, 709).

Here, defendant contends that he was denied effective assistance of counsel because trial counsel failed to conduct an adequate investigation into the facts, and failed to call a witness for the purpose of testifying that another person had confessed to the assault. We reject that contention. "A defendant's right to effective assistance of counsel includes defense counsel's reasonable investigation and preparation of defense witnesses" (*People v Jenkins*, 84 AD3d 1403, 1408, *lv denied* 19 NY3d 1026; *see People v Oliveras*, 21 NY3d 339, 346), and thus "the failure to investigate or call exculpatory witnesses may amount to ineffective assistance of counsel" (*People v Nau*, 21 AD3d 568, 569; *see People v Dombrowski*, 87 AD3d 1267, 1268). Here, however, the record establishes that defense counsel sufficiently investigated the facts and searched for potential witnesses, and that there are legitimate explanations for defense counsel's failure to locate the three allegedly exculpatory witnesses identified in defendant's motion (*cf. People v Blackman*, 90 AD3d 1304, 1311-1312, *lv denied* 19 NY3d 971; *see generally Benevento*, 91 NY2d at 712).

Defense counsel testified at the CPL article 440 hearing that, in preparing his defense, he visited the bar where the assault occurred at least 50 times; took measurements of the scene in an attempt to show that defendant could not have assaulted the victim based upon defendant's location at the time of the incident; obtained surveillance videotapes from the bar and a nearby police camera; reviewed the videotapes with defendant on multiple occasions; and obtained the victim's clothing from the night of the assault in order to identify him on the videos. As for witnesses, defense counsel testified that he questioned employees about potential witnesses during his many visits to the bar, and that he had numerous telephone conversations with the bar owner concerning the existence and identity of witnesses to the incident. Further, defense counsel sought the owner's assistance in trying to locate those witnesses. Defense counsel also identified other potential witnesses by reviewing the surveillance videos with defendant. Ultimately, defense counsel obtained two exculpatory witnesses who testified on defendant's behalf at trial—a bouncer at the bar and a bar patron. We thus conclude that the record does not support defendant's contention that defense counsel made only a "cursory" investigation of the crime scene or that he "abdicate[d]" his responsibility to investigate potential witnesses (*cf. Oliveras*, 21 NY3d at 348; *People v Fogle*, 10 AD3d 618, 618-619; *People v Bussey*, 6 AD3d 621, 622-623, *lv denied* 4 NY3d 828).

With respect to the three allegedly exculpatory witnesses identified in defendant's CPL article 440 motion, defense counsel testified that one of the three names never came up during the course of his investigation and, indeed, that name does not appear in the police records. The first name of another witness, who was identified by defendant and others as a drug dealer, was mentioned during the investigation and defense counsel obtained a telephone number for that individual. Defense counsel, however, was unable to reach the individual. As for the third witness, defense counsel testified that his name came up during the investigation, but that defense counsel was never able to locate the witness. Defense counsel was told that

the witness had moved to Florida and, although he obtained several telephone numbers for that witness, all had been disconnected.  The police were likewise unable to locate the alleged witness.  Notably, the record indicates that defendant knew or at least was familiar with each of the three alleged exculpatory witnesses.  We thus conclude that any failure to identify or locate those three witnesses prior to trial was not the result of ineffectiveness on the part of defense counsel.  In any event, we conclude that defense counsel's failure to locate and call the three witnesses identified by defendant "did not prejudice the defense or defendant's right to a fair trial" (*People v Hobot*, 84 NY2d 1021, 1024; *see Benevento*, 91 NY2d at 713-714).  As the court noted, the statements provided by the three witnesses were "in some respects, inconsistent with each other and with the defendant's own version of events," and the court, which presided over defendant's bench trial, ultimately concluded despite the conflicting testimony that defendant assaulted the victim.

Contrary to the further contention of defendant, we conclude that defense counsel had a strategic reason for failing to subpoena the bar owner to testify that another individual had allegedly confessed to the crime in a written statement (*see generally Baldi*, 54 NY2d at 146).  The People called that individual as a witness and, on cross-examination, defense counsel confronted him with his alleged confession and he admitted that he authored it.  Thus, there was no reason to call the bar owner to testify to that fact.

Finally, we conclude that the record, viewed as a whole, demonstrates that defense counsel provided meaningful representation (*see generally id.* at 147).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court