**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

450
KA 12-00584
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TWAN CONWAY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), dated January 30, 2012. The order denied the motion of defendant to vacate the judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Defendant appeals from an order that summarily denied his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). This Court previously affirmed the judgment of conviction (*People v Conway*, 43 AD3d 635, *lv denied* 9 NY3d 990). We note at the outset that defendant's brief addresses only his claims concerning actual innocence and ineffective assistance of counsel, and we thus deem abandoned his contention that the People committed a *Brady* violation (*see People v Hoffler*, 74 AD3d 1632, 1633 n 2, *lv denied* 17 NY3d 859; *see also People v Dombrowski*, 87 AD3d 1267, 1267).

We reject defendant's contention that he was entitled to a hearing on his claim of actual innocence. Although the court erred in determining that a claim of actual innocence may not properly be raised pursuant to CPL 440.10 (1) (h) (*see People v Hamilton*, 115 AD3d 12, 15), the court properly determined that defendant's claim of actual innocence was "belied by his admission of guilt during the plea colloquy" (*People v Conde*, 34 AD3d 1347, 1347; *see People v Garner*, 86 AD3d 955, 955; *see also People v Crawford*, 106 AD3d 832, 833, *lv denied* 21 NY3d 1014). Indeed, "[t]he 'solemn act' of entering a plea, itself sufficing as a conviction, . . . should not be permitted to be used as a device for a defendant to avoid a trial while maintaining a

claim of factual innocence" (*People v Plunkett*, 19 NY3d 400, 406, quoting *People v Thomas*, 53 NY2d 338, 345).

With respect to defendant's claim of ineffective assistance of counsel, however, we conclude that nonrecord facts may support defendant's contention that his trial counsel unreasonably refused to investigate two potential alibi witnesses and the statements of a third party admitting to the crime, and that trial counsel's ineffectiveness subsequently rendered defendant's plea involuntary. We therefore reverse the order and remit the matter to Supreme Court to conduct a hearing pursuant to CPL 440.30 (5) on defendant's claim of ineffective assistance of counsel.

Preliminarily, although we previously rejected on direct appeal defendant's contention that he was denied effective assistance of counsel (*see Conway*, 43 AD3d at 636), we note that his present contention is properly raised by way of a motion pursuant to CPL 440.10 because it concerns matters outside the record that was before us on his direct appeal (*see generally People v Russell*, 83 AD3d 1463, 1465, *lv denied* 17 NY3d 800). We also note that, although defendant contended in his CPL 440.10 motion that his federal "Sixth Amendment right to effective assistance of counsel was denied," defendant's reliance upon New York jurisprudence demonstrates his intent to invoke the greater protection afforded by the New York Constitution, and we therefore address his claim of ineffective assistance of counsel in that context.

It is well settled that "[a] defendant's right to effective assistance of counsel includes defense counsel's reasonable investigation and preparation of defense witnesses" (*People v Jenkins*, 84 AD3d 1403, 1408, *lv denied* 19 NY3d 1026; *see People v Mosley*, 56 AD3d 1140, 1140-1141; *People v Nau*, 21 AD3d 568, 569). Here, defendant's CPL 440.10 motion was supported by the affidavits of the two alibi witnesses, and of defendant's prior attorney, who allegedly obtained a tape recording of the third-party admission. While a hearing may ultimately reveal that subsequent "counsel made reasonably diligent efforts to locate the [alibi] witness[es]" and the third party (*People v Gonzalez*, 25 AD3d 357, 358, *lv denied* 6 NY3d 833), or that there was a strategic reason for her failure to do so (*see People v Coleman*, 10 AD3d 487, 488), we "agree with defendant that his submissions 'support[  ] his contention that he was denied effective assistance of counsel . . . and raise[  ] a factual issue that requires a hearing' " (*People v Frazier*, 87 AD3d 1350, 1351).

Finally, we reject the People's contention that the allegations of fact essential to support defendant's motion were "conclusively refuted by unquestionable documentary proof" (CPL 440.30 [4] [c]).

Entered:  June 13, 2014                    Frances E. Cafarell
                                           Clerk of the Court