# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

870

KA 13-00399

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RONALD D. ROSSBOROUGH, DEFENDANT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR DEFENDANT-APPELLANT.

RONALD D. ROSSBOROUGH, DEFENDANT-APPELLANT PRO SE.

KEITH A. SLEP, DISTRICT ATTORNEY, BELMONT (AMANDA B. FINN OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Allegany County Court (Thomas P. Brown, J.), entered January 11, 2013. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of burglary in the second degree.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Allegany County Court for further proceedings in accordance with the following Memorandum: Defendant appeals by permission of this Court from an order denying his pro se motion pursuant to CPL article 440 seeking to vacate the judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). We previously affirmed that judgment of conviction (*People v Rossborough*, 105 AD3d 1332, *lv denied* 21 NY3d 1045).

Defendant contends that he was denied effective assistance of counsel because defense counsel failed to conduct an adequate investigation into the facts and failed to move to suppress his statement to the police. A defendant's right to effective assistance of counsel includes defense counsel's reasonable investigation (*see People v Jenkins*, 84 AD3d 1403, 1408, *lv denied* 19 NY3d 1026), and the failure to investigate may amount to ineffective assistance of counsel (*see People v Kurkowski*, 117 AD3d 1442, 1443). The failure to move for suppression may seriously compromise a defendant's right to a fair trial such that it may also qualify as ineffective representation (*see People v Hobot*, 84 NY2d 1021, 1022; *see also People v Flores*, 84 NY2d 184, 188; *People v Baldi*, 54 NY2d 137, 146-147). Here, we conclude that defendant alleged in support of his motion facts that did not

appear in the record on his direct appeal, and which, if established as true, could entitle him to the relief sought (*see People v Nau*, 21 AD3d 568, 569).  We therefore reverse the order, and we remit the matter to County Court to conduct a hearing on defendant's claim of ineffective assistance of counsel pursuant to CPL 440.30 (5) (*see People v Conway*, 118 AD3d 1290, 1291).

With respect to defendant's contention that his plea was rendered involuntary by his use of medication, we conclude that defendant sustained his "burden of coming forward with allegations sufficient to create an issue of fact" whether the judgment is invalid on that ground (*People v Session*, 34 NY2d 254, 255-256).  We agree with defendant that an evidentiary hearing is "required to determine the extent to which his mental capacity was impaired and whether this rendered him unable to enter a knowing, voluntary and intelligent guilty plea" (*People v Hennessey*, 111 AD3d 1166, 1168).  We therefore further direct County Court to address that issue at the hearing on remittal (*see id.*).

With respect to the contention raised in defendant's pro se supplemental brief that his right to counsel was violated, we conclude that the court properly denied the motion without a hearing inasmuch as defendant's appeal was pending and "sufficient facts appear[ed] on the record with respect to [that contention] to permit adequate review thereof upon such . . . appeal" (CPL 440.10 [2] [b]; *see People v Cooks*, 67 NY2d 100, 104).  Contrary to defendant's further contention raised in his pro se supplemental brief, the court properly denied without a hearing that part of his motion based on the alleged failure of the People to disclose three supporting depositions (*see Brady v Maryland*, 373 US 83).  Evidence is not *Brady* material as a matter of law when a defendant has knowledge of its existence (*see People v Banks*, 130 AD2d 498, 499, *lv denied* 70 NY2d 709; *see also People v Fein*, 18 NY2d 162, 170, *cert denied* 385 US 649; *People v Buxton*, 189 AD2d 996, 997, *lv denied* 81 NY2d 1011).  Here, even assuming, arguendo, that the supporting depositions were not provided to defendant or his counsel prior to his plea, we conclude that the record contained sufficient facts establishing that the supporting depositions were specifically identified and referenced in the accusatory instruments, which were provided to defendant at the time of arraignment.  Thus, there were sufficient record facts for review of the *Brady* issue on direct appeal (*see* CPL 440.10 [2] [b]).

Finally, to the extent that defendant has failed to address the remaining grounds advanced in support of his CPL 440.10 motion, we deem any contentions with respect thereto abandoned (*see People v Witkop*, 114 AD3d 1242, 1243-1244, *lv denied* 23 NY3d 1069; *People v Dombrowski*, 87 AD3d 1267, 1267).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court