# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1153**
**KA 13-01022**
PRESENT: CENTRA, J.P., CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RACHAEL CASEY, DEFENDANT-APPELLANT.

---

KEIR M. WEYBLE, OF THE SOUTH CAROLINA BAR, ADMITTED PRO HAC VICE, AND EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, SPECIAL DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

M. CHRIS FABRICANT, NEW YORK CITY, FOR INNOCENCE NETWORK, AMICUS CURIAE.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Steuben County Court (Marianne Furfure, A.J.), entered April 26, 2013. The order denied the motion of defendant to vacate a judgment of conviction.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order denying, without a hearing, her CPL 440.10 motion to vacate the 2003 judgment convicting her following a jury trial of, inter alia, arson in the first degree (Penal Law § 150.20) and two counts of murder in the second degree (§ 125.25 [2], [3]) in connection with the death of her seven-month-old daughter (*People v Casey*, 37 AD3d 1113, *lv denied* 8 NY3d 983). In support of her motion, defendant contended that defense counsel was deficient based upon his failure to obtain mental health experts to explain why her various versions of the events were inconsistent. Defendant further contended that she was denied effective assistance of counsel based upon defense counsel's failure to obtain an expert to refute the theory of the People's fire investigation expert, an investigator for the arson bureau of the New York State Office of Fire Prevention and Control, or to utilize nationally recognized standards of fire investigation published in the National Fire Protection Association 921 Guide for Fire and Explosion Investigations (NFPA 921 guide) during his cross-examination of the People's expert. Defendant has abandoned on appeal her remaining allegation of ineffective assistance of counsel (*see generally People v Rivera*, 117 AD3d 1475,

1476, *lv denied* 23 NY3d 1024).

We agree with County Court that the recent forensic evaluations are not sufficient to establish that defense counsel was deficient in failing to obtain any mental health experts to explain why defendant provided multiple inconsistent versions of the events (*see generally People v Kot*, 126 AD3d 1022, 1025, *lv denied* 25 NY3d 1203). We conclude, however, that the court erred in denying defendant's motion without a hearing to the extent that defendant contended that defense counsel was deficient in failing to utilize alleged nationally recognized standards of fire investigation, either through the testimony of an expert or to aid in the cross-examination of the People's expert. Specifically, defendant contends that the theory of the People's expert that the fire was intentionally started was scientifically flawed based upon information contained in the NFPA 921 guide and that defense counsel's failure to counter that opinion constituted ineffective assistance of counsel.

It is well established that "there may be cases in which a single failing in an otherwise competent performance is so 'egregious and prejudicial' as to deprive a defendant of [her] constitutional right to a fair trial" (*People v Turner*, 5 NY3d 476, 480). We conclude that defendant raised a factual issue whether defense counsel's failure to utilize information contained in the NFPA 921 guide, either through expert testimony or during cross-examination, was unreasonable (*see People v Conway*, 118 AD3d 1290, 1291). In our view, a hearing must be held to determine whether the NFPA 921 guide was generally accepted in New York State as authoritative at the time of the trial and whether expert testimony was available. We therefore reverse the order and remit the matter for a hearing in order for defendant to establish by a preponderance of the evidence that defense counsel's failure to retain an expert or to utilize the information in the NFPA 921 guide was not reasonable (*see* CPL 440.30 [6]). If defendant meets her burden, then defense counsel will have an opportunity "to provide a tactical explanation for the omission" of an expert witness and/or the information contained in the NFPA 921 guide from the defense (*People v Dombrowski*, 87 AD3d 1267, 1268 [internal quotation marks omitted]).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court