People v Young (2018 NY Slip Op 08774)





People v Young


2018 NY Slip Op 08774


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


971 KA 13-00794

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BERNADINE YOUNG, ALSO KNOWN AS BERNADINE ADAMS, DEFENDANT-APPELLANT. 






WILLIAM G. PIXLEY, PITTSFORD, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH R. PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Robert B. Wiggins, A.J.), dated April 10, 2013. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is affirmed.
Memorandum: Defendant was convicted by a jury of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arises out of an incident that began when defendant gave her coworker a ride home. Shortly after the coworker left defendant's van, police observed the van, discovered that its registration was suspended, and executed a traffic stop. An inventory search revealed an illegal handgun on the floor between the driver and front passenger seats.
Following her conviction, defendant moved pursuant to CPL 440.10 to vacate the judgment, alleging that defense counsel rendered ineffective assistance by failing to investigate and call various witnesses at trial. After a hearing, Supreme Court denied the motion. A Justice of this Court granted defendant leave to appeal from that order, and we now affirm.
"To prevail on [her] claim that [s]he was denied effective assistance of counsel, defendant must demonstrate that [her] attorney failed to provide meaningful representation" (People v Caban, 5 NY3d 143, 152 [2005]; see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]). "In applying this standard, counsel's efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective" (Benevento, 91 NY2d at 712). Indeed, "a reviewing court must avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis' " (id., quoting Baldi, 54 NY2d at 146). Instead, " it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (Benevento, 91 NY2d at 712, quoting People v Rivera, 71 NY2d 705, 709 [1988]). "A defendant's right to effective assistance of counsel includes defense counsel's reasonable investigation and preparation of defense witnesses" (People v Jenkins, 84 AD3d 1403, 1408 [2d Dept 2011], lv denied 19 NY3d 1026 [2012]). Although "the failure to investigate or call exculpatory witnesses may amount to ineffective assistance of counsel" (People v Nau, 21 AD3d 568, 569 [2d Dept 2005]; see People v Dombrowski, 87 AD3d 1267, 1268 [4th Dept 2011]), the governing standard is " reasonable competence,' not perfect representation" (People v Modica, 64 NY2d 828, 829 [1985]).
Here, the two allegedly exculpatory witnesses would have testified that the coworker possessed the gun shortly before entering defendant's van. One of the witnesses admitted during her hearing testimony that defendant had called her on the night of the arrest, yet defendant [*2]apparently did not relay the fact of the call, or the fact of the existence of this witness, to her attorney.
Moreover, defense counsel utilized a reasonable, albeit unsuccessful, strategy at trial. As the court noted in its decision, defense counsel's belief that the true owner of the gun, i.e., the coworker, would testify at least to his presence in the van was a reasonable one, and we conclude that counsel's plan to call the coworker as a witness and allow him to invoke the Fifth Amendment as to his ownership or possession of the gun was a reasonable strategic decision (see Benevento, 91 NY2d at 712). Moreover, the witnesses' testimony would not have been exculpatory because it is not necessarily inconsistent with defendant's knowing and unlawful possession of the gun in the vehicle at the time that the police executed the traffic stop (see People v Tabb, 12 AD3d 951, 953 [3d Dept 2004], lv denied 4 NY3d 768 [2005]).
Thus, "the record establishes that defense counsel sufficiently investigated the facts and searched for potential witnesses, and that there are legitimate explanations for defense counsel's failure to locate the [two] allegedly exculpatory witnesses identified in defendant's motion" (People v Kurkowski, 117 AD3d 1442, 1443-1444 [4th Dept 2014]), i.e., defendant's failure to inform her attorney of the existence of the witnesses and defense counsel's reasonable defense strategy of calling the coworker as a witness.
All concur except Whalen, P.J., and Troutman, J., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent. Defendant was entitled "to have counsel conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself time for reflection and preparation for trial' " (People v Bennett, 29 NY2d 462, 466 [1972]; see Coles v Peyton, 389 F2d 224, 226 [4th Cir 1968], cert denied 393 US 849 [1968]). The majority disregards this requirement on the ground that defendant "apparently did not" identify exculpatory witnesses to her counsel. However, defense counsel himself conceded that his "fail[ure] to conduct an investigation" constituted ineffective assistance. He stated that, because of his misplaced reliance on the potential testimony of the alleged gun owner, he failed to identify two easily-found and cooperative witnesses, who were other coworkers of defendant, and who were able to place the alleged gun owner in defendant's van, identify the gun found as belonging to him, and testify that he had previously complained to them about the gun falling out of his pocket. After receiving the testimony of the exculpatory witnesses at the CPL article 440 hearing, Supreme Court concluded that, had it been presented with that testimony, the jury would likely have returned a verdict that was more favorable to defendant.
The record does not provide any further information with respect to what defendant told her counsel regarding the exculpatory witnesses or why defense counsel failed to investigate the nightclub where defendant worked. The trial transcript reflects that defense counsel directed his investigator to photograph the exterior of the nightclub, but there was no explanation in the trial transcript why those photos would be relevant to the issues before the jury. Defense counsel's directives to photograph the nightclub, together with his own statements, strongly suggest that defense counsel understood that the nightclub was relevant to the case and should have been investigated fully. Because defense counsel "fail[ed] to pursue the minimal investigation required under the circumstances" (People v Oliveras, 21 NY3d 339, 348 [2013]), defendant's right to a fair trial was prejudiced (see People v Stultz, 2 NY3d 277, 283-284 [2004], rearg denied 3 NY3d 277 [2004]; People v Benevento, 91 NY2d 708, 713-714 [1998]), and she was denied meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Moreover, "an attorney should not be deemed effective simply because he or she followed a strategy. Rather, there must be some examination of the reasonableness of the strategy" (People v Stefanovich, 136 AD3d 1375, 1377 [4th Dept 2016], lv denied 27 NY3d 1139 [2016]). Defense counsel here believed that the alleged gun owner, a previously convicted felon, would testify against his own interest on defendant's behalf to "do the right thing." During the trial, defense counsel requested that an attorney be assigned to represent the alleged gun owner, knowing, as an experienced defense counsel reasonably should, that the attorney would advise against providing self-incriminating testimony. Ultimately, the trial court precluded the alleged gun owner from testifying because, on the advice of counsel, he asserted his right not to answer questions with respect to his presence in defendant's vehicle or his possession of the gun. Although the majority apparently finds this "strategy" to be "reasonable," it does not require [*3]"second-guess[ing] with the clarity of hindsight" to see that it is unreasonable to expect a self-interested felon to incriminate himself against the advice of counsel based purely on his own good nature (Benevento, 91 NY2d at 712).
The record, viewed as a whole, establishes that defense counsel failed to provide meaningful representation by neglecting his duty to investigate and by relying on an unreasonable strategy, and that this failure compromised defendant's right to a fair trial (see Oliveras, 21 NY3d at 348). We therefore conclude that the order should be reversed, the motion granted, the judgment of conviction vacated, and the matter remitted to Supreme Court for further proceedings on the indictment.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court