People v Lostumbo (2019 NY Slip Op 06233)





People v Lostumbo


2019 NY Slip Op 06233


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


72 KA 16-00290

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STANLEY LOSTUMBO, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), dated October 9, 2015. The order denied the motion of defendant pursuant to CPL 440.10 to vacate a judgment of conviction. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals, by permission of this Court, from an order denying his motion pursuant to CPL 440.10 to vacate the judgment convicting him after a nonjury trial of, inter alia, sexual abuse in the first degree (Penal Law § 130.65 [1]), stemming from his alleged sexual abuse of his wife. In appeal No. 2, defendant appeals, also by permission of this Court, from an order denying a successive CPL 440.10 motion seeking to vacate the same judgment. In both appeals, he contends that Supreme Court erred in summarily denying his motions because defense counsel was ineffective in failing to properly and timely investigate allegedly exculpatory text messages sent to defendant by his wife in the hours before his arrest for the instant crimes. We affirm.
In support of his first CPL 440.10 motion, defendant submitted only his affidavit, wherein he asserted that, after his arrest, he told defense counsel that the wife had a motive for fabricating accusations against him because, in the hours before his arrest, she sent him numerous text messages, most of which he deleted without reading. In support of his second CPL 440.10 motion, defendant submitted the affidavit of defense counsel, who admitted that, at the time of defendant's arrest, he did nothing with the information defendant provided him regarding the text messages because he did not "perceive the[ir] significance" at that time. When defense counsel did try to recover the deleted text messages from defendant's cell phone provider, he learned that most of them were no longer available. Thereafter, however, defense counsel was able to recover some of the deleted messages directly from defendant's phone, i.e., 74 text messages sent by the wife during the relevant time period.
"[I]t is well settled that a defendant's right to representation . . . entitle[s] him [or her] to have counsel conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself [or herself] time for reflection and preparation for trial" (People v Kates, 162 AD3d 1627, 1632 [4th Dept 2018], lv denied 32 NY3d 1065 [2018], reconsideration denied 32 NY3d 1173 [2019] [internal quotation marks omitted]; see People v Oliveras, 21 NY3d 339, 346-347 [2013]). Further, "the failure to investigate or [produce] exculpatory witnesses [or evidence] may amount to ineffective assistance of counsel" (People v Nau, 21 AD3d 568, 569 [2d Dept 2005]; see People v Mosley, 56 AD3d 1140, 1140-1141 [4th Dept 2008]). A CPL 440.10 motion raising such a claim warrants a hearing where a defendant's submissions "support[ the defendant's] contention that he [or she] was denied [*2]effective assistance of counsel . . . and raise[ ] a factual issue" with respect to the failure to produce such evidence or witnesses (People v Conway, 118 AD3d 1290, 1291 [4th Dept 2014]; see People v Dombrowski, 87 AD3d 1267, 1267-1268 [4th Dept 2011]). However, a hearing to develop background facts is not "invariably necessary" on a CPL 440.10 motion (People v Satterfield, 66 NY2d 796, 799 [1985]).
Here, we conclude that the court did not abuse its discretion in denying the motions without a hearing because the motion papers did not include any of the actual text messages that formed the basis of defendant's ineffective assistance of counsel contention and therefore did not allow the court to conduct a full examination of that contention (see generally People v Samandarov, 13 NY3d 433, 436 [2009]; People v Gil, 285 AD2d 7, 11 [1st Dept 2001]). Indeed, because the recovered text messages were not submitted and the contents of those messages were only described in defendant's affidavit (see generally CPL 440.30 [4] [d]), the court had no proper basis to ascertain whether they were exculpatory and whether defense counsel was ineffective for failing to properly investigate the messages (cf. Conway, 118 AD3d at 1291; Dombrowski, 87 AD3d at 1267-1268; Nau, 21 AD3d at 569). Thus, on the present record, which does not include the actual text messages sent to defendant, we affirm the orders without prejudice.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court