People v Woodard (2020 NY Slip Op 00756)





People v Woodard


2020 NY Slip Op 00756


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, AND NEMOYER, JJ.


1147 KA 16-00185

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN WOODARD, DEFENDANT-APPELLANT. 






EDELSTEIN & GROSSMAN, NEW YORK CITY (JONATHAN I. EDELSTEIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered December 26, 2015. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals by permission of this Court from an order denying without a hearing his motion pursuant to CPL article 440 seeking to vacate on, inter alia, the ground of ineffective assistance of counsel the judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]) and attempted robbery in the first degree (§§ 110.00, 160.15 [2]). We previously affirmed that judgment of conviction (People v Woodard, 96 AD3d 1619, 1619 [4th Dept 2012], lv denied 19 NY3d 1030 [2012]).
Defendant contends that he was denied effective assistance of counsel because defense counsel failed to investigate the circumstances under which defendant provided a written statement to police. Preliminarily, we agree with defendant that his ineffective assistance of counsel claim is not procedurally barred by CPL 440.10 (2) (c).
With respect to the merits, "[a] defendant's right to effective assistance of counsel includes defense counsel's reasonable investigation" (People v Rossborough, 122 AD3d 1244, 1245 [4th Dept 2014]; see People v Howard, 175 AD3d 1023, 1025 [4th Dept 2019]; People v Jenkins, 84 AD3d 1403, 1408 [2d Dept 2011], lv denied 19 NY3d 1026 [2012]). Although "the failure to investigate may amount to ineffective assistance of counsel" (Rossborough, 122 AD3d at 1245; see People v Kurkowski, 117 AD3d 1442, 1443 [4th Dept 2014]), the governing standard is " reasonable competence,' not perfect representation" (People v Modica, 64 NY2d 828, 829 [1985]; see People v Young, 167 AD3d 1448, 1449 [4th Dept 2018], lv denied 33 NY3d 1036 [2019]).
Here, defendant alleges that he invoked his right to counsel while in police custody prior to giving a written statement to police. Defendant contends that defense counsel's failure to discover that fact during his investigation of defendant's case amounts to ineffective assistance. We disagree. Defense counsel properly requested and received discovery materials and filed an omnibus motion on defendant's behalf seeking, inter alia, suppression of defendant's written statement. The discovery materials produced gave no indication that defendant requested a lawyer at any time, and the testimony adduced at the ensuing Huntley hearing established that defendant freely and voluntarily waived his right to counsel prior to giving his written statement to police. Defendant admittedly failed to inform defense counsel that he invoked his right to counsel prior to giving the written statement until after the Huntley hearing, at which point defense counsel moved to reopen the hearing. Thus, the record establishes that defense counsel [*2]sufficiently investigated the facts, and defense counsel's failure to argue or elicit information at the Huntley hearing tending to show that defendant had invoked his right to counsel while in police custody is attributable to defendant's failure to inform him of that alleged fact (see Young, 167 AD3d at 1450; People v Bradford, 202 AD2d 441, 442 [2d Dept 1994], lv denied 84 NY2d 823 [1994]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court