■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SMITH, Appellant. [703 NYS2d 616] —Order unanimously affirmed. Memorandum: Defendant moved pursuant to CPL 440.10 to set aside a judgment convicting him of various drug-related offenses. Defendant contends that the conviction is supported by evidence illegally obtained through the use of a pen register device capable of monitoring the content of telephone conversations, and that the order authorizing the installation of the pen register was not based upon probable cause (*see, People v Bialostok,* 80 NY2d 738, 744-745). Defendant further contends that he was denied effective assistance of counsel because defense counsel failed to move to suppress evidence obtained through the use of the pen register.

County Court properly denied the motion. *Bialostok (supra)* does not apply retroactively to pen register surveillance, including the surveillance in the instant case, conducted prior to February 25, 1993, the date on which *Bialostok* was decided (*see, People v Martello,* 93 NY2d 645, 648). Thus, there is no merit to the contention that the conviction is supported by illegally

obtained evidence. Further, although sufficient facts appear on the trial record to have permitted adequate appellate review of the contention that defendant was denied effective assistance of counsel, he unjustifiably failed to raise that contention on his appeal from the judgment of conviction (*People v Smith,* 209 AD2d 996, *lv denied* 85 NY2d 914; *see,* CPL 440.10 [2] [c]; *People v Orr,* 240 AD2d 213, 214, *lv denied* 90 NY2d 942; *People v Skinner,* 154 AD2d 216, 221, *lv denied* 76 NY2d 796). (Appeal from Order of Onondaga County Court, Cunningham, J.—CPL art 440.) Present—Green, A. P. J., Pine, Pigott, Jr., and Scudder, JJ.