■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR JOSSIAH, Appellant. [769 NYS2d 743]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated January 24, 2001, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered November 19, 1996, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

Pursuant to CPL 440.10 (2) (c), a motion to vacate a judgment of conviction *must* be denied when, although sufficient facts appear on the record to have permitted adequate review, the defendant unjustifiably failed to raise the issue on his direct appeal. On the defendant's direct appeal, he argued, inter alia, that the People failed to prove his knowledge of the weight of the cocaine in his possession, and thus reversal was required in accordance with the then-governing rule in *People v Ryan* (82 NY2d 497 [1993]). We declined to review that unpreserved contention at the time. The same record, however, clearly presented sufficient facts from which the defendant could have raised his present claims that his trial counsel was ineffective for failing to expressly raise the *Ryan* issue. Since this issue could have been raised on direct appeal, it could not be raised on the CPL 440.10 motion (*see People v Smith,* 269 AD2d 769, 770 [2000]). Altman, J.P., S. Miller, Goldstein and Crane, JJ., concur.