█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MALDONADO, Appellant. [823 NYS2d 529]—

Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Gazzillo, J.), dated August 24, 2004, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered April 25, 2003, convicting him of scheme to defraud in the first degree, grand larceny in the third degree (three counts), attempted petit larceny, tampering with physical evidence, compounding a crime, coercion in the second degree, bribing a witness, tampering with a witness in the fourth degree, criminal impersonation in the second degree (three counts), harassment in the second degree, and aggravated harassment in the second degree (three counts), upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

Pursuant to CPL 440.10 (2) (c), a motion to vacate a judgment of conviction must be denied when, although sufficient facts appear on the record to have permitted adequate review, the defendant unjustifiably failed to raise the issue on his direct appeal. On the defendant's direct appeal, he argued, inter alia, that the court erred in sentencing him to an enhanced sentence without allowing him to vacate his plea of guilt. However, this Court declined to review that unpreserved contention (*see People v Maldonado,* 21 AD3d 430 [2005]). The same record clearly presented sufficient facts from which the defendant could have raised his present claims, inter alia, that his counsel at sentencing was ineffective, that the New York court lacked jurisdiction, and that there was prosecutorial misconduct before the grand jury. Since these issues could have been raised on direct appeal, they could not properly be raised on the CPL 440.10 motion (*see People v Jossiah,* 2 AD3d 877 [2003]; *People v Smith,* 269 AD2d 769 [2000]). Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.