■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON LEE, Appellant. [872 NYS2d 304]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an

order of the Supreme Court, Oneida County (Barry M. Donalty, A.J.), entered March 7, 2007. The order denied the motion of defendant pursuant to CPL article 440 to vacate the judgment convicting him of murder in the second degree.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.10 (1) (h) seeking to vacate the judgment convicting him of depraved indifference murder (Penal Law § 125.25 [2]). Defendant contended in his motion papers that, by virtue of changes in the law effectuated by *People v Suarez* (6 NY3d 202 [2005]), the evidence adduced at trial was legally insufficient to support his conviction. Supreme Court erred in denying the motion pursuant to CPL 440.10 (2) (a) as having been "previously determined on the merits," inasmuch as that contention was not raised, much less decided on the merits, upon defendant's direct appeal from the judgment of conviction (*People v Lee*, 6 AD3d 1235 [2004], *lv denied* 3 NY3d 740 [2004]). Nevertheless, we conclude that the motion was properly denied because the Court of Appeals has determined that "the existing law should not be applied on collateral review to defendants whose convictions became final prior to our new interpretation of the law of depraved indifference murder," and defendant's conviction became final prior to the decision of the Court of Appeals in *Suarez* (*People v Jean-Baptiste*, 11 NY3d 539, 543 [2008]). In both his main and pro se supplemental briefs, defendant contends for the first time that the dispositive changes in the law were effectuated not by *Suarez*, but by *People v Payne* (3 NY3d 266 [2004], *rearg denied* 3 NY3d 767 [2004]), and that *Payne* was decided before his conviction was final. Even assuming, arguendo, that defendant's contention is properly before us, we conclude that defendant is not entitled to relief pursuant to CPL 440.10 inasmuch as sufficient facts appear in the record to have permitted review of defendant's challenge to the legal sufficiency of the evidence, but defendant unjustifiably failed to raise that challenge on his direct appeal (*see generally* CPL 440.10 [2] [c]; *People v Jossiah*, 2 AD3d 877 [2003], *lv denied* 2 NY3d 742 [2004]). Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.