■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BALENGER, Appellant. [895 NYS2d 623]—Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered November 22, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and assault in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of robbery in the first degree (Penal Law § 160.15 [1]) and two counts of assault in the second degree (§ 120.05 [2]). Defendant failed to preserve for our review his contention that he was denied a fair trial based on prosecutorial misconduct (*see People v Douglas*, 60 AD3d 1377 [2009], *lv denied* 12 NY3d 914 [2009]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, neither defense counsel's failure to object to the alleged instances of prosecutorial misconduct nor any of defense counsel's other alleged shortcomings constituted ineffective assistance of counsel (*see generally People v Walker*, 50 AD3d 1452, 1453 [2008], *lv denied* 11 NY3d 795 [2008], *recons denied* 11 NY3d 931 [2009]). To the extent that defendant's contention is based on the alleged failure of defense counsel to advise defendant of his right to testify, that part of defendant's contention involves matters outside the record on appeal and is thus properly raised by way of a motion pursuant to CPL article 440 (*see People v Frazier*, 63 AD3d 1633, 1634 [2009], *lv denied* 12 NY3d 925 [2009]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), and according great deference to the jury's resolution of credibility issues, we conclude that the verdict is not against the weight of

the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Fahey and Green, JJ.