■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMION SMITH, Appellant. [912 NYS2d 472]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered February 26, 2007. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order summarily denying his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him, after a jury trial, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). In support of his motion, defendant contended that he was denied his right to effective assistance of counsel based on the manner in which defense counsel represented him with respect to two *Rosario* issues that arose during the course of the trial. We conclude that Supreme Court properly denied defendant's motion and that, indeed, it was required to do so pursuant to CPL 440.10 (2) (c), because sufficient facts appeared in the trial record to enable adequate appellate review of that contention on direct appeal from the judgment (*see People v Maldonado*, 34 AD3d 497, 498 [2006], *lv denied* 8 NY3d 847 [2007]; *People v Jossiah*, 2 AD3d 877 [2003], *lv denied* 2 NY3d 742 [2004]; *People v La Mountain*, 288 AD2d 503, 504 [2001], *lv denied* 97 NY2d 730 [2002], 98 NY2d 731 [2002]). In the event that defendant's

contention was properly before us, we would nevertheless conclude that it lacks merit.

Defendant further contends for the first time on this appeal from the order denying his CPL article 440 motion that he was denied effective assistance of appellate counsel on his direct appeal. That contention is based on his appellate attorney's failure to raise the two *Rosario* issues that are the subject of the motion. The proper vehicle for challenging the representation of appellate counsel, however, is by way of a motion for a writ of error coram nobis (*see People v Bachert*, 69 NY2d 593, 595-596 [1987]; *People v Hogue*, 62 AD3d 410, 411 [2009]; *People v Watson*, 49 AD3d 570 [2008], *lv denied* 10 NY3d 872 [2008]). Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.