# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1195**

**KA 09-00927**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHNNIE LANE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (M. William Boller, A.J.), dated April 8, 2009. The order denied the motion of defendant to vacate his conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order that denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment convicting him upon a jury verdict of, inter alia, three counts of murder in the second degree (Penal Law § 125.25 [1], [3]), and one count each of manslaughter in the first degree (§ 125.20) and attempted murder in the second degree (§§ 110.00, 125.25 [1]). On defendant's direct appeal, we modified the judgment by directing that the sentences imposed on certain counts run concurrently, but we otherwise affirmed the judgment (*People v Lane*, 221 AD2d 948, *lv denied* 87 NY2d 975, *cert denied* 519 US 829). Here, we conclude that Supreme Court properly denied defendant's motion pursuant to CPL 440.10. In support of the motion, defendant presented the sworn written recantation of a trial witness who stated that, contrary to his testimony at trial, defendant never made any admissions to him about participating in the crimes at issue. Instead, the witness claimed to have heard a secondhand account of defendant's involvement in those crimes. The witness also asserted that the Erie County District Attorney's office paid him $2,500 to testify falsely that he heard about defendant's participation firsthand.

"There is no form of proof so unreliable as recanting testimony" (*People v Shilitano*, 218 NY 161, 170, *rearg denied* 218 NY 702), and such testimony is "insufficient alone to warrant vacating a judgment

of conviction" (*People v Thibodeau*, 267 AD2d 952, 953, *lv denied* 95 NY2d 805).  "Consideration of recantation evidence involves the following factors: (1) the inherent believability of the substance of the recanting testimony; (2) the witness's demeanor both at trial and at the evidentiary hearing; (3) the existence of evidence corroborating the trial testimony; (4) the reasons offered for both the trial testimony and the recantation; (5) the importance of facts established at trial as reaffirmed in the recantation; and (6) the relationship between the witness and defendant as related to a motive to lie" (*People v Wong*, 11 AD3d 724, 725-726).  Other relevant factors, however, are whether the recantation refutes the eyewitness testimony of another witness (*see People v Davenport*, 233 AD2d 771, 773, *lv denied* 89 NY2d 1091; *see also People v Avery*, 80 AD3d 982, 985, *lv denied* 17 NY3d 791), whether the accusations in the recantation "were highly improbable and were specifically denied by the former prosecutor" (*People v Cintron*, 306 AD2d 151, 152, *lv denied* 100 NY2d 641), and whether the allegedly false testimony at trial prejudiced defendant (*see People v Friedgood*, 58 NY2d 467, 471-472; *People v Stevens*, 275 AD2d 902, 902, *lv denied* 96 NY2d 807; *Thibodeau*, 267 AD2d at 953; *People v Cutting*, 210 AD2d 791, 792-793, *lv denied* 85 NY2d 971).

Coupled with abundant eyewitness testimony at trial placing defendant at the scene of the crimes, there was the trial testimony of multiple friends of defendant, not merely the witness at issue, stating that defendant bragged to them about committing the crimes. In addition, evidence presented at trial established that shell casings and bullets were recovered that matched the gun found in defendant's home; defendant gave a written statement to the police attesting to his involvement in the crimes; and two witnesses came forward and told the police that defendant was involved in the crimes, before the police even suspected defendant's involvement.  Therefore, the conviction was not affected by the allegedly false testimony. Finally, defendant's motion was properly denied on the additional ground that he failed to set forth a reason for delaying filing his CPL 440.10 motion with the information regarding the allegedly false testimony.  Due diligence in uncovering an error is required, and any unjustifiable delay is inexcusable (*see* CPL 440.10 [3] [a]). Defendant has provided no reason for the 14-year delay in bringing the allegedly false testimony to the court's attention.

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court