# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1049**

**KA 09-02531**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

STEVEN A. HOWINGTON, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Joseph E. Fahey, J.), entered October 30, 2009. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his motion to vacate the judgment convicting him of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]) on the grounds that material evidence at trial was false and was known by the prosecutor to be false, there was prosecutorial misconduct, and there is newly discovered evidence (*see* CPL 440.10 [1] [c], [f], [g]). Contrary to defendant's contention, County Court did not err in denying his motion without conducting a hearing inasmuch as defendant's motion papers did "not contain sworn allegations substantiating or tending to substantiate all the essential facts" of defendant's claims (CPL 440.30 [4] [b]; *see People v Vigliotti*, 24 AD3d 1216, 1216). The recantation affidavit of a prosecution witness submitted by defendant in support of the motion does not establish that the prosecutor knew or should have known that his trial testimony was false (*see* CPL 440.10 [1] [c]; *People v Lent*, 204 AD2d 855, 855, *lv denied* 84 NY2d 869). Similarly, defendant failed to submit evidence supporting his contention that the prosecutor engaged in improper and prejudicial conduct within the meaning of CPL 440.10 (1) (f), i.e., "[i]mproper and prejudicial conduct not appearing in the record [that] occurred during a trial resulting in the judgment" that would have required reversal "if it had appeared in the record" (CPL 440.10 [1] [f]). As noted, the recantation affidavit does not establish that the prosecutor knew or should have known that the trial testimony was

false, and thus defendant failed to establish that the prosecutor engaged in improper conduct. Moreover, a claim of such misconduct also requires a showing of prejudice (*see generally People v Jackson*, 78 NY2d 638, 646-647), and there is no indication that defendant was prejudiced by the alleged improper conduct. Furthermore, the recantation affidavit does not qualify as newly discovered evidence pursuant to CPL 440.10 (1) (g) because the issues raised in the affidavit would merely impeach or contradict the trial testimony of the prosecution witness, and the new evidence therefore is not "of such character as to create a probability that . . . the verdict would have been more favorable to the defendant" had the evidence been introduced (*id.; see People v Miles*, 136 AD2d 958, 959, *lv denied* 71 NY2d 971).

Finally, we do not address defendant's contention that he was denied effective assistance of appellate counsel on his direct appeal, raised in the context of this CPL article 440 motion. The proper vehicle for raising that contention "is by way of a motion for a writ of error coram nobis" (*People v Smith*, 78 AD3d 1583, 1584) or, when the record is adequate, that contention may be raised, pro se, on direct appeal (*see People v McKinney*, 302 AD2d 993, 995).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court