# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

186
**KA 13-02053**
PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KENNETH MARTINEZ, JR., DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), dated November 1, 2013. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, and the matter is remitted to Supreme Court, Monroe County, for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals from an order that denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). Defendant's motion was based on an affidavit of his daughter, the victim, in which she recanted her accusations against him, and a claim of ineffective assistance of trial counsel. We conclude that Supreme Court erred in denying without a hearing that part of defendant's motion based on the victim's recantation, and we therefore reverse the order and remit the matter to Supreme Court to hold a hearing thereon.

In her affidavit, the victim, who was the sole witness to give testimony at trial with respect to the crimes, averred that she wanted to live with her maternal grandmother. In order to effectuate that move, her maternal grandmother advised her to accuse defendant of having sexually assaulted her. The victim averred that she did not care about defendant at the time and, therefore, she agreed to accuse defendant of sexually assaulting her. She further averred that, since the trial, she had reconnected with her paternal grandmother and had seen how the latter was suffering because defendant was in prison. Witnessing that suffering resolved her to tell the truth. Although the court found the victim's recantation to be inherently unbelievable or unreliable, we conclude that, based on the totality of the circumstances, such a finding was unwarranted in the absence of a

hearing (*see People v Jenkins*, 84 AD3d 1403, 1407, *lv denied* 19 NY3d 1026; *see generally People v Lane*, 100 AD3d 1540, 1541, *lv denied* 20 NY3d 1063).

The victim's trial testimony that defendant had sexually assaulted her was crucial to the prosecution's case.  Her subsequent averments that she was encouraged by her maternal grandmother to accuse defendant of crimes so that she could live with her maternal grandmother indicate that she had a motive to lie at trial.  We therefore conclude that the victim's trial testimony, if false, was extremely prejudicial to defendant inasmuch as, without that testimony, there would have been no basis for the jury to convict defendant (*see generally Lane*, 100 AD3d at 1541).  Under those circumstances, the court's denial without a hearing of that branch of defendant's motion based on the victim's recantation was an improvident exercise of discretion (*see Jenkins*, 84 AD3d at 1408).

We reject defendant's contention that he is entitled to a hearing on his claim of ineffective assistance of trial counsel.  Rather, we conclude that the court properly determined defendant's claim based on the trial record and defendant's submissions on the motion (*see People v Satterfield*, 66 NY2d 796, 799).  We agree with the court that the evidence, the law and the circumstances of the case, viewed together and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  March 20, 2015                      Frances E. Cafarell
                                              Clerk of the Court