# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1327**
**KA 14-01139**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CHRISTOPHER ANNIS, DEFENDANT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

ERIC R. SCHIENER, SPECIAL PROSECUTOR, GENESEO, FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of
the Supreme Court in the Fourth Judicial Department, from an order of
the Allegany County Court (Thomas P. Brown, J.), dated May 21, 2014.
The order denied the motion of defendant pursuant to CPL article 440.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law and the matter is remitted to Allegany
County Court for further proceedings in accordance with the following
memorandum:  Defendant appeals from an order denying, without a
hearing, his CPL 440.10 motion to vacate a judgment convicting him
following a jury trial of, inter alia, felony driving while
intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]).
We previously affirmed the judgment of conviction (*People v Annis*, 126
AD3d 1525).  With respect to defendant's contention concerning an
alleged improper communication between an assistant district attorney
and a sworn juror, we conclude that County Court properly denied the
motion without a hearing inasmuch as the motion papers "do not contain
sworn allegations substantiating or tending to substantiate all the
essential facts" of defendant's claim (CPL 440.30 [4] [b]; *see People
v Howington*, 122 AD3d 1289, 1289-1290, *lv denied* 25 NY3d 1165).  With
respect to defendant's contentions that he was denied a fair trial by
prosecutorial misconduct and that the court erred in excluding
photographs of the vehicle, we conclude that the court properly denied
the motion without a hearing inasmuch as "sufficient facts appear[ed]
on the record with respect to [those contentions] to permit adequate
review thereof upon" a direct appeal (CPL 440.10 [2] [b]; *see People v
Rossborough*, 122 AD3d 1244, 1246) and, indeed, defendant's direct
appeal from the judgment was pending.

Defendant's contentions that trial counsel was ineffective in
failing to provide an offer of proof regarding the photographs of the
vehicle and to object to the prosecutor's summation were not raised in
his CPL 440.10 motion and are therefore not properly before us (*see*

*People v Pennington*, 107 AD3d 1602, 1604, *lv denied* 22 NY3d 958). With respect to defendant's remaining claims of ineffective assistance of counsel, however, we conclude that nonrecord facts may support defendant's contention that his trial counsel unreasonably withdrew his request for a *Martin* hearing (*see People v Martin*, 143 Misc 2d 341) and failed to request a *Huntley* hearing. In support of his motion, defendant submitted a police report indicating that, in response to an officer's request for a chemical test and before defendant made statements to the police, defendant asked to speak to an attorney. Based on the evidence in the record, "we can discern no tactical reason for trial counsel's" withdrawal of his request for a *Martin* hearing or failure to request a *Huntley* hearing (*People v Dombrowski*, 87 AD3d 1267, 1268). We thus conclude that "a hearing is required to afford defendant's trial counsel an opportunity . . . to provide a tactical explanation for the omission[s]" (*id.* [internal quotation marks omitted]). We therefore reverse the order and remit the matter to County Court to conduct a hearing on defendant's CPL 440.10 motion (*see People v Washington*, 128 AD3d 1397, 1400).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court