# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

5
KA 09-00568
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ANDRE VERNON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

MICHAEL L. D'AMICO, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered January 23, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]), in connection with the shooting of two men who were brothers. The surviving victim testified that he and his brother were arguing with defendant on the street. During the argument, defendant's uncle pulled up to the curb near defendant in his vehicle, a large dark SUV, and joined the argument. The victim ran when defendant pulled a gun from his sweatshirt pocket, and the victim heard two gunshots, the second of which struck him in the back. An eyewitness, who was in his vehicle parked on the street, told the police that he heard two shots and saw the SUV back up briefly and "possibly shoot again" before driving off. The eyewitness was deceased at the time of the trial, and his statement was introduced through the testimony of a police detective following defendant's objection that the People had violated their *Brady* obligation by failing to turn over the statement to defendant before trial. According to defendant, the statement of the eyewitness is exculpatory because it implicates his uncle as the shooter. Even assuming, arguendo, that the statement of the eyewitness constitutes *Brady* material, we reject defendant's contention that the failure to turn over the statement prior to trial denied him due process and thus that reversal is required. "Defendant received the remedy he requested

after the People disclosed the [contents of the statement] and he had a reasonable opportunity to use it as part of his defense" (*People v Sanchez*, 21 NY3d 216, 225; *see People v Goodell*, 164 AD2d 321, 327, *affd* 79 NY2d 869; *People v Daniels*, 115 AD3d 1364, 1365, *lv denied* 23 NY3d 1019).

We reject defendant's further contention that Supreme Court erred in determining, following a *Sirois* hearing, that defendant knowingly consented to threats that were made against a witness in the event she appeared to testify for the prosecution, and thus erred in permitting the prosecution to use the grand jury testimony of that witness in their direct case. The witness, who lived in Georgia, testified before the grand jury that defendant contacted her after the shooting and admitted that he shot two people, killing one of them, and requested that she permit him to stay with her. The witness did not appear at trial pursuant to the subpoena served on her. The prosecutor testified at the *Sirois* hearing that he provided defense counsel with the name of the witness on the first day of trial. He also testified regarding his conversations with the witness following the first day of trial, wherein she related the contents of threatening voicemail messages that she had received. One message was from defendant's sister, another was from an unknown male, and additional threatening messages were relayed to her by her mother, who is married to another uncle of defendant's. Telephone records admitted in evidence showed 17 calls from numbers with a Buffalo area code made to the witness's phone on the first day of trial, one of which was identified as belonging to defendant's sister. The People also presented the recorded telephone conversations between defendant and an unidentified female on the evening of the first day of trial, wherein the female stated, inter alia, that "her husband is getting back from Iraq"; "all that you asked has already been done"; and "we are trying to go contact the girl." Defense counsel testified at the *Sirois* hearing that the witness called him and said that her testimony before the grand jury was not true and, when he asked whether she had been threatened, she responded that her mother had relayed a message that she should not testify and that people were calling her on her phone. Defense counsel testified that the witness explained to him that she would not testify because her husband was scheduled to return from a military deployment and she wanted to be home when he arrived. We conclude that the court properly determined that the People proved by the requisite clear and convincing evidence that the witness had been ready to testify; that on the first day of trial a series of telephone calls were made to the witness and there were messages that threatened the witness to such an extent that she changed her mind and refused to testify; and that the totality of the evidence and logical inferences support the conclusion that defendant was responsible for, or acquiesced in, the threats that made the witness unavailable for trial (*see People v Geraci*, 85 NY2d 359, 370; *People v Miller*, 61 AD3d 1429, 1429, *lv denied* 12 NY3d 927; *see generally People v Smart*, 23 NY3d 213, 220-221).

Viewing the evidence in light of the elements of the crimes as charged to the jury, we reject defendant's contention that the verdict is against the weight of the evidence (*see People v Danielson*, 9 NY3d

342, 349; *see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see Bleakley*, 69 NY2d at 495).

We reject defendant's contention in appeal No. 2 that the court erred in denying his motion to vacate the judgment pursuant to CPL 440.10 (1) (g) on the ground that the affidavit of the witness recanting her grand jury testimony does not constitute newly discovered evidence inasmuch as defense counsel testified at the *Sirois* hearing that the witness said that her grand jury testimony was not true, and the prosecutor testified that the witness explained to him why she said that to defense counsel. Thus, the affidavit does not constitute evidence discovered since the entry of the judgment (*see People v Backus*, 129 AD3d 1621, 1625). We note that " '[t]here is no form of proof so unreliable as recanting testimony' " (*People v Lane*, 100 AD3d 1540, 1541, quoting *People v Shilitano*, 218 NY 161, 170, *rearg denied* 218 NY 702). In any event, the affidavit does not constitute newly discovered evidence within the meaning of CPL 440.10 (1) (g), "because the issues raised in the affidavit would merely impeach or contradict the [prior] testimony of the . . . witness, and the new evidence therefore is not 'of such character as to create a probability that . . . the verdict would have been more favorable to the defendant' had the evidence been introduced" (*People v Howington*, 122 AD3d 1289, 1290, *lv denied* 25 NY3d 1165).

Defendant also sought to have the judgment vacated pursuant to CPL 440.10 (1) (c), based upon his allegation that the prosecutor knowingly presented evidence he knew to be false in the form of the grand jury testimony of the witness who refused to testify. The court did not explicitly rule on that part of defendant's motion, and we cannot deem the court's silence on that part of the motion to be a denial thereof (*see People v Jones*, 114 AD3d 1272, 1272; *see generally People v Concepcion*, 17 NY3d 192, 194-196). We therefore hold the case in appeal No. 2, reserve decision and remit the matter to Supreme Court for a determination of that part of the motion.

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court