■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD VANHOOSER, Appellant. (Appeal No. 1.) [58 NYS3d 760]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Thomas J. Miller, J.), dated June 4, 2014. The order denied the motion of defendant to vacate a judgment of conviction.

It is hereby ordered that the order so appealed from is unanimously reversed on the law and the matter is remitted to

Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.10 seeking to vacate a 2003 judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), for which he was sentenced in error as a violent felony offender, rather than as a second violent felony offender. Defendant contends that County Court erred in resentencing him in 2011 as a second violent felony offender without offering him the opportunity to withdraw his plea when it became apparent that the court could not honor the original plea agreement that he would be sentenced as a violent felony offender (see generally People v Cameron, 83 NY2d 838, 840 [1994]; People v Tellier, 76 AD3d 684, 684-685 [2010], lv denied 15 NY3d 896 [2010]). We note as a preliminary matter that defendant failed to provide the transcript of the plea and thus the record on appeal is incomplete with respect to whether his predicate felony status was a condition of the plea (see Matter of Santoshia L., 202 AD2d 1027, 1028 [1994]). In any event, it is apparent from the record that the court did not afford defendant the opportunity to withdraw his plea or to accept the legal resentence, and defendant failed to raise the contention, now raised here, on his direct appeal from the resentence (People v VanHooser [appeal No. 1], 126 AD3d 1531, 1531 [2015]). Thus, the court properly declined to grant the motion on that basis (see CPL 440.10 [2] [b], [c]; People v Cuadrado, 9 NY3d 362, 364-365 [2007]; People v Lee, 59 AD3d 996, 997 [2009], lv denied 13 NY3d 746 [2009]).

Defendant also contends that the court erred in denying his motion insofar as he asserted that he was denied effective assistance of counsel (see CPL 440.10 [1] [h]). That claim is based upon defense counsel's alleged failure to advise defendant that he had a right to withdraw his plea, and defendant's assertion that such failure subjected him to a sentence as a persistent violent felony offender for convictions in 2011 (People v VanHooser [appeal No. 2], 126 AD3d 1531, 1532 [2015]). As noted above, we cannot determine from the record on appeal whether defendant had a right to withdraw his plea. Nevertheless, we conclude that defendant raised factual issues requiring a hearing, i.e., whether defense counsel determined if defendant had a right to withdraw the plea and, if so, whether he communicated that information to defendant (see People v Conway, 118 AD3d 1290, 1291 [2014]). We therefore reverse the order and remit the matter to County Court to conduct a hearing on those issues pursuant to CPL 440.30 (5). Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.