People v Grant (2018 NY Slip Op 02951)





People v Grant


2018 NY Slip Op 02951


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


322 KA 10-01822

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAWN T. GRANT, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 20, 2010. The judgment convicted defendant, upon a jury verdict, of arson in the first degree and arson in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of arson in the first degree (Penal Law § 150.20 [1]) and arson in the second degree (§ 150.15). In appeal No. 2, defendant appeals from an order denying his pro se motion seeking to vacate the judgment in appeal No. 1 pursuant to CPL 440.10 and, in appeal No. 3, defendant appeals from an order denying a similar motion pursuant to CPL 440.10 made by defense counsel. We note at the outset that we dismiss the appeal from the order in appeal No. 2 because defendant raises no contentions with respect thereto (see People v Scholz, 125 AD3d 1492, 1492 [4th Dept 2015], lv denied 25 NY3d 1077 [2015]).
With respect to appeal No. 1, defendant failed to preserve for our review his contention that he was denied a fair trial as a result of prosecutorial misconduct (see People v Balenger, 70 AD3d 1318, 1318 [4th Dept 2010], lv denied 14 NY3d 885 [2010]). In any event, that contention lacks merit inasmuch as any improper comments made by the prosecutor on summation were isolated and not so egregious that defendant was deprived of a fair trial (see generally People v Romero, 7 NY3d 911, 912 [2006]). Contrary to defendant's further contention, "neither defense counsel's failure to object to the alleged instances of prosecutorial misconduct nor any of defense counsel's other alleged shortcomings constituted ineffective assistance of counsel" (Balenger, 70 AD3d at 1318). Rather, " the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation' " (People v Benevento, 91 NY2d 708, 712 [1998]). Defendant further contends that Supreme Court erred in permitting, over his objection, the presence of uniformed firefighters in the courtroom on the first day of trial. Inasmuch as the record fails to establish the number of uniformed firefighters present on that day, there is no basis for us to conclude that defendant was denied his right to a fair trial by the court's ruling or that the court abused its discretion in determining that no curative action was warranted (see generally People v Nguyen, 156 AD3d 1461, 1462 [4th Dept 2017]). We reject defendant's contention that the sentence is unduly harsh and severe. We have considered defendant's remaining contentions in appeal No. 1 and conclude that none warrants reversal or modification of the judgment.
With respect to appeal No. 3, defendant contends that the court erred in summarily denying that part of his CPL 440.10 motion to vacate the judgment insofar as he was convicted of arson in the second degree. We agree. The motion was based on the affidavit of a prosecution [*2]witness who recanted her trial testimony that defendant admitted to her that he started a certain house fire. That testimony formed the basis for defendant's conviction of arson in the second degree. Notably, the witness averred that, "Before the trial[,] the police investigator told me if I testified on [defendant's] behalf they would take my daughter away. I am still concerned about this." The People did not submit an opposing affidavit from any of the police officers involved in the case. The court denied the motion without a hearing upon finding that the witness's recantation was unreliable.
We conclude based on the totality of the circumstances that the court erred in denying that part of the motion with respect to the conviction of arson in the second degree without first holding a hearing (see People v Jenkins, 84 AD3d 1403, 1407 [2d Dept 2011], lv denied 19 NY3d 1026 [2012]; see generally People v Martinez, 126 AD3d 1350, 1351 [4th Dept 2015]). The witness's "trial testimony, if false, was extremely prejudicial to defendant inasmuch as, without that testimony, there would have been no basis for the jury to convict defendant" for setting the fire at issue in the arson in the second degree count (Martinez, 126 AD3d at 1351; see generally People v Lane, 100 AD3d 1540, 1541 [4th Dept 2012], lv denied 20 NY3d 1063 [2013]). We therefore reverse the order in appeal No. 3 insofar as appealed from, vacate that part of the order denying the motion with respect to the conviction of arson in the second degree and remit the matter to Supreme Court to conduct a hearing pursuant to CPL 440.30 (5) on that part of the motion.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court