People v Pepe (2018 NY Slip Op 04174)





People v Pepe


2018 NY Slip Op 04174


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


643 KA 15-01665

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VINCENT PEPE, DEFENDANT-APPELLANT. 






DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Oneida County Court (John S. Balzano, A.J.), dated July 21, 2015. The order denied the motion of defendant pursuant to CPL 440.10 seeking to vacate a judgment of conviction. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him upon a jury verdict of, inter alia, four counts of murder in the second degree (Penal Law § 125.25 [1], [3]). In his motion, defendant relied upon the testimony of certain witnesses at a hearing that was held upon his federal habeas corpus petition. Defendant contends that County Court erred in denying that part of his motion seeking to vacate the judgment on the ground that the prosecutor failed to notify the court and defense counsel of a conflict of interest of defendant's former attorneys that violated his constitutional right to a fair trial by being represented by conflict-free counsel. We reject that contention. On defendant's direct appeal from the judgment of conviction, we rejected his contention that he was denied effective assistance of counsel based on that same conflict of interest (People v Pepe, 259 AD2d 949, 950 [4th Dept 1999], lv denied 93 NY2d 1024 [1999]). We wrote that, "[e]ven assuming, arguendo, that the same attorneys represented defendant and some prosecution witnesses during the [g]rand [j]ury investigation, we conclude that, because defendant was represented by different counsel at his arraignment and through the completion of the trial, he failed to establish that the continued representation of those prosecution witnesses by his former attorneys bore a substantial relation to the conduct of his defense" (id.). At the hearing held upon the federal habeas corpus petition, the prosecutor at the time of the grand jury proceeding testified that he was aware that defendant's former attorneys represented two prosecution witnesses at the grand jury proceeding, but he was informed that defendant was represented by new counsel. For the same reasons we rejected defendant's ineffective assistance of counsel claim on his direct appeal, we conclude that the prosecutor's failure to notify the court or defense counsel that he was aware that defendant's former attorneys represented prosecution witnesses does not warrant vacatur of the judgment of conviction.
We reject defendant's further contention that the court erred in denying without a hearing that part of his motion seeking to vacate the judgment on the ground of ineffective assistance of counsel. Defendant, again relying upon testimony at the federal hearing, argued that his counsel failed to inform him of a plea offer made by the prosecutor. We reject that contention. The testimony of the prosecutor and an associate of defendant's attorney established that, although there were plea discussions, a plea offer was never made by the prosecutor. Defendant also failed to show that a hearing was required on this issue (see generally People v Satterfield, 66 NY2d 796, 799 [1985]). Defendant's remaining contention regarding ineffective assistance of counsel is raised for the first time on appeal and thus is not properly before us (see People v Annis, 134 AD3d 1433, 1434 [4th Dept 2015]; People v Glover, 117 AD3d 1477, 1478 [4th Dept [*2]2014], lv denied 23 NY3d 1036 [2014], reconsideration denied 24 NY3d 961 [2014]).
In light of our determination, we reject defendant's final contention that the judgment should be vacated based on cumulative error.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court