People v Haile (2019 NY Slip Op 04547)





People v Haile


2019 NY Slip Op 04547


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


154 KA 09-00823

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMUEL K. HAILE, DEFENDANT-APPELLANT. 






MARY WHITESIDE, NORTH HOLLYWOOD, CALIFORNIA, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered March 5, 2009. The judgment convicted defendant, upon a jury verdict, of intimidating a victim or witness in the third degree, aggravated harassment in the second degree, harassment in the second degree, and attempted assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of intimidating a victim or witness in the third degree (Penal Law § 215.15 [1]), aggravated harassment in the second degree (§ 240.30 former [1]), harassment in the second degree
(§ 240.26 [1]), and attempted assault in the third degree (§§ 110.00, 120.00 [1]). Defendant contends that County Court erred in determining, following a Sirois hearing, that the People presented clear and convincing evidence that defendant "wrongfully made use of his relationship with the victim in order to pressure her to violate her duty to testify" (People v Jernigan, 41 AD3d 331, 332 [1st Dept 2007], lv denied 9 NY3d 923 [2007]) and thus erred in permitting the prosecution to use the grand jury testimony of that witness in their direct case (see generally People v Geraci, 85 NY2d 359, 365-367 [1995]; People v Vernon, 136 AD3d 1276, 1277-1278 [4th Dept 2016], lv denied 27 NY3d 1076 [2016]).
We reject that contention. The People presented evidence that the missing witness was ready and willing to testify while defendant was in jail during the grand jury proceedings but became reluctant after defendant was released and the trial date drew closer. Days prior to the trial, the witness's mother observed the witness leave with defendant and their child for several hours. When the witness returned to the mother's home, the witness "started talking about the subpoena that she had received. Started saying things like they can't do anything to me if I don't show up. The subpoena wasn't served properly. There's nothing that they can do if I don't show up to court. Things of that nature." The mother reported to the prosecutor that she had never heard the witness use legal terminology like that before.
The hearing testimony further established that defendant was the last person to see the missing witness on the morning she was scheduled to appear in court and that the witness was thereafter uncharacteristically out of touch with family and friends. Cell phone records admitted in evidence, however, established frequent communication between the cell phones belonging to defendant and to the witness on that day and the days prior, including numerous phone calls that corresponded with breaks in the court proceedings (see Jernigan, 41 AD3d at 332). Defendant's relative also observed the witness in defendant's home during the time in which law enforcement officers were attempting to locate her on a material witness warrant. Further, although the prosecution never informed the witness of the updated trial schedule following the witness's failure to appear, the witness appeared at court two days after the Sirois hearing "at the perfect moment to save defendant from the impending admission of her damning grand jury testimony" [*2](People v Smart, 23 NY3d 213, 222 [2014]). Moreover, in light of that evidence, any error of the court in admitting at the hearing evidence of a statement obtained by law enforcement officers from defendant during the search for the witness in violation of defendant's right to counsel is harmless (see People v Lopez, 16 NY3d 375, 386 [2011]).
Contrary to defendant's contention, we conclude that the evidence is legally sufficient to support the conviction with respect to the charges of intimidating a victim or witness in the third degree, aggravated harassment in the second degree, and attempted assault in the third degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of all of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Finally, we have reviewed defendant's remaining contentions and conclude that they are without merit.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court