People v Mejia (2021 NY Slip Op 05232)





People v Mejia


2021 NY Slip Op 05232


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


787 KA 18-02204

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE MEJIA, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered October 11, 2018. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order denying his CPL 440.10 motion to vacate the judgment convicting him following a jury trial of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of robbery in the first degree
(§ 160.15 [2]). We affirmed the judgment of conviction on direct appeal (People v Mejia, 126 AD3d 1364 [4th Dept 2015], lv denied 26 NY3d 1090 [2015], cert denied — US &mdash, 136 S Ct 2416 [2016]). Defendant made the motion herein to vacate the judgment of conviction on the ground, inter alia, that defense counsel was ineffective. Contrary to defendant's contention, we conclude that Supreme Court properly denied the relevant part of the motion pursuant to CPL 440.10 (2) (c) because the allegations of ineffectiveness that are in question involve matters of record that could have been raised on direct appeal from the judgment of conviction (see People v Watkins, 79 AD3d 1648, 1648 [4th Dept 2010], lv denied 16 NY3d 800 [2011]; People v Smith, 269 AD2d 769, 770 [4th Dept 2000], lv denied 95 NY2d 858 [2000]; see also People v McCullough, 144 AD3d 1526, 1526-1527 [4th Dept 2016], lv denied 29 NY3d 999 [2017]; see generally People v Maffei, 35 NY3d 264, 269-270 [2020]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court